## Commonwealth *v.* Kevin, Appellant.

*Criminal law—Adulteration of food—Act of June 26, 1895, P. L. 317.*

On the trial of an indictment for the sale of a pint of raspberry syrup alleged to contain salicylic acid which was charged to be poisonous or injurious to health, the court excluded testimony offered by the defendant to prove the quantity of acid present, and to prove that in fact the quantity used was entirely harmless and not poisonous or injurious to health, and charged that the jury might convict if they found salicylic acid present in any quantity. The jury returned a verdict of guilty. *Held*, by an equally divided court, that the conviction should be sustained.

· Argued Oct. 7, 1901. Appeal, No. 137, Oct. T., 1901, by defendant, from judgment of Q. S. Phila. Co., Aug. T., 1900, No. 391, on verdict of guilty in case of Commonwealth v. John W. Kevin. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment under the act of June 26, 1895, for selling one pint of raspberry syrup containing an added substance and ingredient, to wit: salicylic acid charged to be poisonous and injurious to health.

The act of June 26, 1895, sec. 3, subsection 7, provides that an article of food or drink shall be deemed adulterated "if it contains any added substance or ingredient which is poisonous or injurious to health."

When F. A. Genth, Jr., a witness for the commonwealth, was on the stand, he was asked this question:

"Q. Tell us, as an expert, what salicylic acid is. A. Salicylic acid is an organic compound which is used for the preservation of food stuff. It is also used as a medicine. The concensus of opinion is that salicylic acid is an extremely dangerous substance to use for a preservative in food stuffs. Q. Why? A. Because it is apt to produce disease."

Objected to, as the testimony does not relate to this particular bill of indictment, which is based upon the one bottle of raspberry syrup which has already been testified to. Objection overruled. Exception to defendant.

Mr. Reath states that he will withdraw his objection if the commonwealth will confine its examination to what was found in the particular bottle of raspberry syrup upon which the bill of indictment is based.

" Q. I will ask the plain question now: Tell us, as an expert, whether or not salicylic acid is poisonous or injurious to health?"

Objected to. Mr. Clement asks leave to amend the bill of indictment so that it will read, " poisonous and injurious" instead of "poisonous or injurious," which is granted.

" Q. I will ask the plain question now: Tell us, as an expert, whether or not salicylic acid is poisonous and injurious to health."

Objected to. Objection overruled. Exception to defendant.

" Q. You understand the question? A. I understand the question. As a medical expert I cannot testify, but from my reading I learn that salicylic acid is a — "

The Court: That will not do. It must be his own judgment as an expert, based upon his reading and his knowledge.

Mr. Clement: I will amend my question so as to cover the case.

Mr. Clement: " Q. As an analytical expert, from the information which you have derived from a careful study and analytical experiments with food products, and other effects, state whether or not, in your judgment, based upon your learning and information upon that subject, salicylic acid is or is not poisonous or injurious to health? "

Objected to. Objection overruled. Exception to defendant.

" A. I should deem it injurious to health."

The Court: " Q. What about the other portion of the question—the poisonous part?   A. The words ' poisonous ' and ' injurious to health ' I look upon almost as synonymous in cases where the poison is not almost fatal."

The last answer is objected to. Objection overruled. Exception to defendant.

Mr. Reath asks for a general exception to all general questions, which is granted. [1]

Mr. Reath: " Q. Is salicylic acid a cumulative poison? Does it remain in the system or pass off? "

Objected to.

Mr. Reath: " Q. Was the quantity present in this particular jar of syrup poisonous or injurious to health? "

Objected to. Objection sustained. Exception to defendant. [2]

The defendant presented this point:

4. The defendant in this case is indicted for selling one bottle of syrup, and if the jury shall find from the evidence that the single bottle actually sold did not contain salicylic acid in sufficient quantity to be poisonous or injurious to health, then your verdict must be for the defendant. *Answer:* I cannot affirm that point as stated. I will qualify it by saying that if you find that salicylic acid was the substance that was added, which I believe has not been questioned, and that salicylic acid is injurious and poisonous to the human system in any quantity, you may convict. If you find that it is not poisonous or injurious to the human system, then you must acquit. [5]

Verdict of guilty on which judgment of sentence was passed.

414, (1901)]   Assignment of Errors—Opinion of the Court.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions. (5) Above instructions, quoting them.

*Theodore W. Reath,* with him *Edward F. Hoffman* and *Thomas Reath,* for appellant.—No offense is committed under the act of 1895, which provides that an article of food or drink shall be deemed adulterated "if it contains any added substance or ingredient which is poisonous or injurious to health," unless in the quantity present the added ingredient would render the article poisonous or injurious to the health of persons consuming the article : Rose v. State, 11 Ohio Cir. Ct. 87.

Wherever a statute is susceptible of two constructions, of which the one would make it unconstitutional and the other constitutional, the latter is to be adopted. A legislative act cannot make that a fact which is not a fact.

The 7th subdivision of section 3 of the act of June 26, 1895, would be unconstitutional if construed to forbid the addition of substances or ingredients not poisonous or injurious to the health of persons consuming the article of food : Edwards's App., 108 Pa. 283 ; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184 ; Com. v. Vandyke, 13 Pa. Superior Ct. 484 ; In re Jacobs, 98 N. Y. 98 ; People v. Biesecker, 68 N. Y. Supp. 134 ; People v. Marx, 99 N. Y. 377.

*Charles E. Bartlett,* with him *Charles H. Brown, Samuel M. Clement, Jr.,* assistant district attorney, and *P. F. Rothermel, Jr.,* district attorney, for appellee.—The use of any substance which is poisonous or injurious to health, is expressly forbidden by the act of assembly, it matters not what quantity may be actually used in the compound if the substance so used is of a nature which is injurious to health, either in large quantities or by continuous use.

PER CURIAM, November 18, 1901:
The six judges who heard this case being equally divided in opinion, the judgment is affirmed.